IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
PALM BEACH COUNTY DIVISION
CASE NO:

ALTMAN CONTRACTORS, INC.,
a Florida Corporation

      Plaintiff,

v.

CRUM & FORSTER SPECIALTY
INSURANCE COMPANY,
an Arizona Company,

      Defendant.
_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Altman Contractors Inc. ("ACI"), by and through undersigned counsel, files this Complaint against Defendant Crum & Forster Specialty Insurance Company ("C&F"), seeking this Court's declaratory relief and states as follows:

### JURISDICTION AND VENUE

1. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

2. ACI is a corporation organized and existing under the laws of the State of Florida, and it maintains its principle place of business in the Palm Beach County, Florida. ACI is in the business of general contracting wherein ACI oversees and manages the construction of commercial projects throughout Florida.

3. Upon information and belief, C&F is a corporation organized and existing under the laws of the State of Arizona and it maintains its principle place of business in the State of

New Jersey. C&F is an insurance company whereupon it collects premiums in exchange for its agreement to provide defense and coverage to its applicable insureds.

4. Jurisdiction is predicated upon diversity of citizenship, 28 U.S.C. §1332, because ACI and C&F are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

5. Venue is appropriate in the Southern District of Florida because ACI resides in the Southern District of Florida and because the cause of action asserted herein accrued in the Southern District of Florida.

## FACTUAL ALLEGATIONS

6. ACI served as the general contractor for the construction of the Sapphire Condominium which is a high-rise luxury residential building located in Broward County, Florida (the "Project").

7. Pursuant to its contract with the owner of the Project, ACI was required to maintain general commercial liability insurance for all of its scope of work at the Project.

8. ACI paid premiums to C&F and in exchange C&F issued to ACI those General Commercial Liability Insurance Policies GLO057306, GLO097978, GLO101124, GLO111159, GLO141076, GLO171003, GLO211307 (the "Policies"), relevant portions of which are attached hereto as Composite Exhibit "A."

9. The Policies were in effect from February 01, 2005 until February 1, 2012. At all material times, ACI was named as an "Insured," which entitled it to a defense and indemnity from C&F in certain circumstances.

10. On or about April 6, 2012, the Sapphire Ft. Lauderdale Condominium Association (the "Association") served ACI with a Notice of Claim pursuant to Chapter 558, Florida Statutes

(the "558 Notice"), a copy of which is Exhibit "B" hereto. The 558 Notice, which includes its attachments, alleges the existence of defects and deficiencies in the construction of the Project which has allegedly caused property damage to the Project.

11. Since the initial 558 Notice, the Association has sent out supplemental Notices of Claims dated May 8, 2012, September 7, 2012, and May 28, 2013 (the "Supplemental 558 Notices"), copies of which are attached hereto as Composite Exhibit "C." The Supplemental 558 Notices all allege that defects and deficiencies in the construction of the Project have caused property damage to the Project.

12. All of the alleged damages in the 558 Notice and Supplemental 558 Notices, if true, occurred in whole or in part during the period that the Policies were in effect, and would stem directly from work performed by subcontractors hired by ACI.

13. As early as January 14, 2013, ACI demanded that C&F defend and indemnify ACI from the 558 Notice and Supplemental 558 Notices, pursuant to the Policies, but C&F initially failed and/or refused to do same, based upon the contention that no "suit" has been filed.

14. Because of C&F's refusal, ACI retained and paid the firm of Peckar & Abramson, P.C., as well as consultants. ACI has expended fees and costs incurred in investigating and defending the Association's claims, as well in the costs associated with tendering a defense to C&F.

15. On or about August 5, 2013, C&F reversed course and attempted to tender a defense for ACI for the claims asserted by the Association, pursuant to a reservation of rights. However C&F attempted to unilaterally appoint defense counsel for ACI without consulting ACI, notwithstanding the fact that ACI had been actively defending itself from the Association's claims for the prior almost year and a half since the initial 558 Notice was served.

16. Despite its attempt to tender defense to ACI, C&F has not reimbursed ACI for any of the fees and costs incurred by ACI since it initially tendered its defense to C&F.

17. ACI has retained the undersigned law firm to prosecute this Action and it is obligated to pay a reasonable fee for its services.

18. ACI is also entitled to recover its attorneys' fees from C&F pursuant to FLA. STAT. §627.428.

19. ACI has performed all conditions precedent to the maintenance of this Action, or said conditions have been waived.

## COUNT I
## ACTION FOR DECLARATORY RELIEF

20. ACI realleges and reaffirms the allegations contained in the above paragraphs 1 through 19, as if fully set forth herein.

21. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

22. A present controversy exists between the parties requiring an immediate and definitive adjudication and determination of the legal rights between the parties with respect to the Policies.

23. The claims asserted by the Association in the 558 Notice and Supplemental 558 Notices constitute a "suit," as that term is defined under the Policies, which includes alternative dispute resolution proceedings in the definition of "suit". The 558 Process is, by definition, alternative dispute resolution. *Cf.* FLA. STAT. §558.01 ("The Legislature finds that it is beneficial to have an alternative method to resolve construction disputes . . . An effective alternative dispute resolution mechanism in certain construction defect matters should involve the claimant filing a notice of claim with the contractor . . ."). *See also Hebden v. Roy A.*

4

*Kunnemann Const., Inc.*, 3 So. 3d 417 (Fla. 4th DCA 2009) ("**Compliance with the Act means** compliance with . . . **an alternative dispute resolution mechanism** . . . .") (citations and quotations omitted) (emphasis added).

24. As a result of C&F's initial failure to cover, defend, and indemnify ACI, and because of the nature of the Association's claims, ACI has suffered and continues to suffer damages including, but not limited to, all costs incurred in investigating and defending the Association's claims, as well in the costs associated with tendering a defense to C&F. C&F is obligated to reimburse ACI for all expenses incurred as a result of its refusal to defend ACI.

25. Moreover, C&F has further damaged ACI, and violated its duty to defend ACI, by its unilateral appointment of counsel to defend ACI. The appointed counsel is not satisfactory to ACI, and ACI has notified C&F of same.

26. ACI has the right to seek judicial construction of the Policies, as well as a determination that C&F owes ACI a duty to defend and cover the claims asserted by the Association, pursuant to Chapter 558, Florida Statutes, and a declaration of ACI's rights under the Policies, which includes, but is not limited to, the reimbursement of all incurred expenses and the appointment of agreeable counsel to represent ACI.

27. As a result of C&F's failure to sufficiently discharge its coverage and defense obligations to ACI, ACI continues to incur costs, including but not limited to, attorneys' fees.

WHEREFORE, Plaintiff, ACI requests the Court to enter declaratory judgment against Defendant, C&F construing the Policies and determining that C&F owes ACI a duty to indemnify and a duty to defend and to cover the claims asserted by the Association, pursuant to Chapter 558, Florida Statutes, declaring ACI's rights under the Policies, awarding ACI its

attorneys' fees and costs, and for such other and further relief as this Court deems just and proper.

## COUNT II
## BREACH OF CONTRACT

28. ACI realleges and reaffirms the allegations contained in the above paragraphs 1 through 19 and 21 through 27 as though fully set forth herein.

29. Under the terms of the Policies, C&F owes ACI a duty to cover and defend the claims of the Association which are brought pursuant to Chapter 558, Florida Statutes.

30. C&F's initial refusal to cover and defend ACI constitutes a breach of its duties under the Policies.

31. ACI has been damaged as a result of C&F's breach of the Policies, including, but are not limited to, all costs incurred in investigating and defending the Association's claims, as well in the costs associated with tendering a defense to C&F..

32. Moreover, C&F has further damaged ACI, and violated its duty to defend ACI pursuant to the Policies, by its unilateral appointment of counsel to defend ACI. The appointed counsel is not satisfactory to ACI.

33. ACI has incurred additional attorneys' fees and costs relating to C&F's unilateral appointment of counsel.

WHEREFORE, Plaintiff, ACI, demands judgment for damages against Defendant, C&F, for all damages, interest, costs, and attorneys' fees, and for such other further relief as this Court deems just and proper.

Dated this 21st day of August, 2013.

        Respectfully submitted,

        **MURDOCH, WEIRES & NEUMAN, PLLC**
        Attorneys for Plaintiff
        14 Southeast 4th Street
        Boca Raton, Florida 33433
        Tel: 561-347-8700
        Fax: 561-409-2341

        By: _____
        Eric J. Neuman, Esq.
        Florida Bar No. 0028186
        Email: eneuman@mwnlegal.com