UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-80831-CIV-MARRA

ALTMAN CONTRACTORS, INC.,
a Florida corporation,

       Plaintiff,

v.

CRUM & FORSTER SPECIALTY
INSURANCE COMPANY,
an Arizona company,

       Defendant.
_____/

## OPINION AND ORDER

THIS CAUSE is before the Court upon Defendant Crum & Forster Specialty Insurance Company's Motion to Dismiss [DE 14].  The motion is ripe for the Court's consideration.  The Court has reviewed all papers submitted in connection with the motion and is otherwise duly advised in the premises.

### A.  Legal Standard

With respect to a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Court observes first that Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  The Supreme Court has held that "[w]hile a complaint attacked by a 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic

1

recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above a speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'". *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

As a general rule, the Court must "limit[] its consideration to the pleadings and exhibits attached thereto" when deciding a Rule 12(b)(6) motion to dismiss.  *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000)(internal quotation marks and citation omitted).  Fed. R. Civ. P. 12(d) mandates that if matters outside the pleadings are presented to the court and not excluded, the motion must be treated as one for summary judgment under Rule 56.  There is an exception to this rule for documents that are (1) central to the plaintiff's claim and (2) undisputed.  *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).  Undisputed means that the authenticity of the document is not challenged.  *Id.*

### B.  Background Facts

Since the Court accepts as true the allegations of the Complaint when reviewing a motion

to dismiss, the following facts are derived from the Complaint.  Plaintiff, Altman Contractors, Inc. ("ACI") is a general contractor [DE 1 at ¶2].  It procured seven Commercial Liability Policies ("Policies") from Defendant Crum & Forster Specialty Insurance Company ("C&F"), which were in effect from February 1, 2005 until February 1, 2012 [*Id.* at ¶¶8-9].

On or about April 6, 2012, the Sapphire Ft. Lauderdale Condominium Association ("Association") served ACI with a Notice of Claim pursuant to Chapter 558, Florida Statutes.  This Notice alleges the existence of defects and deficiencies in the construction of one of ACI's projects. [*Id*. at ¶10].  The Association also served ACI with various supplemental notices. [*Id*. at ¶11].  All of the Association's claims occurred in whole or in part during the period that the Policies were in effect. [*Id*. at ¶12].

ACI demanded that C&F defend and indemnify it in connection with the Association's Notices, but C&F initially refused to do so, claiming that no suit had been filed. [*Id*. at ¶13].  As a result, ACI retained counsel and consultants to defend against the Notices. [*Id*. at ¶14].

In August, 2013, C&F offered to defend ACI pursuant to a Reservation of Rights.  C&F appointed counsel to defend ACI; however, this counsel was not acceptable to ACI. [*Id*. at ¶¶15, 25].  C&F has not reimbursed ACI for any fees or costs incurred by it since it initially tendered the matter to C&F.  [*Id*. at ¶16].

In the instant case, ACI is seeking a declaratory judgment construing the Policies issued to it by C&F and determining that C&F owes ACI a duty to indemnify and defend the Association claims.  [*Id*. at 5].  ACI also seeks damages for breach of contract. [*Id*. at 6].

### **C.  Defendant's Motion to Dismiss**

C&F moves to dismiss the Complaint based upon the allegations in Paragraph 8, which states in full: "ACI paid premiums to C&F and in exchange C&F issued to ACI those General Commercial Liability Insurance Policies GLO057306, GLO097978, GLO101124, GLO111159, GLO141076, GLO171003, GLO211307 (the 'Policies'), relevant portions of which are attached hereto as Composite Exhibit 'A'."  [DE 1 at ¶8].  C&F argues that the Complaint does not state any policy terms that would give rise to a duty to defend or indemnify, and that the relevant portions attached to the Complaint do not support the Complaint's allegations. [DE 14].

ACI responds that it has adequately pled its case and notes that it had no obligation to append the subject policies (two of which it does not presently have in its possession) to its Complaint. [DE 17 at 5-6].

C&F replies that ACI's complaint "states that what gives rise to Crum & Forster's alleged duties are the '**relevant portions of [commercial general liability policies] which are attached [to the complaint] as Composite Exhibit A.**'" [DE 18 at 2, Emphasis in original].  That is not, however, what the Complaint states.  The Complaint states that ACI demanded defense and indemnification "pursuant to the Policies", not pursuant to the attachments. [DE 1 at ¶13].

In its reply papers, C&F for the first time raises arguments relating to whether ACI has a claim based upon C&F's selection of counsel. [DE 18 at 3-4].  Since this was not raised in its moving papers, this issue is not before the Court.

4

## D. Discussion

Having reviewed the Complaint, the Court finds that it complies with the requirements of Rule 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a 12(b)(6) motion to dismiss **does not need detailed factual allegations**, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above a speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (emphasis added, internal citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, **accepted as true**, to 'state a claim to relief that is plausible on its face.'"*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)(emphasis added, quotations and citations omitted).

The Complaint is far from the kind of bare bones complaint that would warrant dismissal at this stage of the proceedings. The Complaint adequately places Defendant on notice of the allegations being made against it. Accepting as true the allegations in the Complaint, it contains sufficient facts to state a claim that is plausible on its face.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant Crum & Forster Specialty Insurance Company's Motion to Dismiss [**DE 14**] is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 20th day of March, 2014.

KENNETH A. MARRA
United States District Judge